IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAUL MORENO,

      Plaintiff,

v.

SERCO INC.,

      Defendant.

CIVIL ACTION FILE NO.

1:15-cv-3382-CC-JKL

## **ORDER**

Pending before the Court is SERCO's Second Motion to Compel Plaintiff's Deposition and Production of Documents [Doc. 44.] and Second Motion for Extension of Fact Discovery [Doc. 45]. In its motion to compel, SERCO requests that the Court (1) compel Moreno to attend a second deposition; (2) compel Moreno to sign a medical release; (3) compel Moreno to produce his request for medical records "to ensure that he complied with the Court's order"; and (4) award SERCO its attorney fees incurred in bringing the motion. [Doc. 44 at 1.] SERCO also requests an extension of the discovery period of 75 days due to "ongoing discovery disputes" and Plaintiff's purported failure to comply with this

Court's August 29, 2016 Order compelling Plaintiff to obtain and produce medical records.

On October 7, 2016, the Court held a hearing on the pending motions. Having considered the parties' briefs and argument of counsel and Mr. Moreno at the hearing, the Court **DENIES** the motions.

## I.      Deposition Issue

SERCO initially took Moreno's deposition on April 14, 2016.  [Doc. 44-2.] The deposition lasted approximately five and a half hours, excluding breaks.  On August 26, 2016, SERCO noticed Moreno for a second deposition of Moreno to be conducted on September 9, 2016.  [Doc. 44-6.]  SERCO did not obtain leave of Court to depose Moreno a second time, nor did Moreno consent to the deposition.

On September 6, 2016, Moreno e-mailed SERCO's counsel stating that he believed that he had complied with the required seven hours of deposition time, and asked "how much more deposition time is required by your calculations." [Doc. 47 at 6, 19.]  In an email dated September 7, 2016, defense counsel responded to Moreno, intimating that he was obligated to re-appear at a

reconvened deposition, and that the only issue was the length of time.  Counsel

wrote:

> Rule 30 sets a presumptive durational limit for a deposition of seven hours in one day, but the seven hours does not include time spent during reasonable breaks or otherwise on recess.  Only the time during which the deposition is underway is counted.  Thus, we have one and a half hours remaining on your deposition.
>
> Rule 30 also permits the parties to extend the seven hours by agreement, and the Rule advises parties to generally agree to reasonable requests for additional time.  Considering Defendant anticipates receiving new information and documents from you, Defendant will require more time to ask you questions related to the new information/documents.  Thus we are requesting your consent to an additional four hours of deposition time.  Please advise as soon as possible whether you will consent to this extension.

[Doc. 47 at 19.]  On September 9, 2016, Moreno responded that he could not

consent to further deposition.  [Doc. 44-7 at 2.]

Moreno refused to consent to additional deposition time.[1]  SERCO filed its

motion, urging the Court to compel Moreno to attend a second deposition.

SERCO argues that it is entitled to a second deposition because Moreno failed to

---

[1] Moreno apparently appeared at counsel's office on September 21, 2016 "to comply with his required one hour and 15 minutes of deposition to complete his legal obligation."  [Doc. 47 at 6-7.]  SERCO apparently did not arrange for a deposition to be taken because Moreno had declined to consent to further deposition time.  [*Id*. at 22.]

produce documents and information before his initial deposition.  [Doc. 44-1 at 8.]  SERCO cites to *Le v. Diligence, Inc.*, 312 F.R.D. 245 (D. Mass. 2015), as an example of a case where a party was allowed to conduct a second deposition after learning of new evidence.  Specifically, SERCO cites to its access to medical and tax documents that it did not have at the time of the first deposition, and Moreno having greatly increased his damages request, as information that warrants a new deposition.

A deposition is limited, absent contrary stipulation or court order, to "one day of 7 hours."  Fed. R. Civ. P. 30(d)(1).  Where the parties do not stipulate to the taking of a second deposition, a party "must obtain leave of court" if the deponent has already been deposed in the case.  Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court must grant leave to the extent consistent with Rule 26(b)(1) and (2).  In relevant part, Rule 26 requires the Court to limit discovery where, among other things, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C)(ii).

As an initial matter, I reject SERCO's position that it was entitled to depose Moreno for seven hours, over several days.  Given the plain language of Rule 30(d)(1), there is no colorable support for an argument that the seven-hour

deposition can take place, without stipulation or order, over the course of several days.  Nevertheless, SERCO intimated just that to Moreno, telling him that he was required to sit for an additional 90 minutes of deposition time.

Under Rule 30, since SERCO had previously deposed Moreno, the deposition could be reconvened only if Moreno consented to being further deposed or if the Court granted leave.  *See* Fed. R. Civ. P. 37(d)(1).  SERCO instead noticed a second deposition without Moreno's prior consent or leave from the Court.  [Doc. 44-6.].  As a result the notice of a second deposition was invalid and unenforceable.  *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 531 (N.D. Ill. 2005).

But even if SERCO had complied with the procedural requirements of Rule 30, SERCO has not shown good cause for re-deposing Moreno.  This case is readily distinguishable from the situation in *Le v. Diligence, Inc.*, the case on which SERCO principally relies.  In that case, the defendant appeared to have given complete discovery responses, at which point the plaintiff deposed a Rule 30(b)(6) representative.  The plaintiff later learned of potential additional information through other discovery and requested supplemental production from the defendants.  After that supplemental discovery, the Court found that

5

additional deposition time was warranted, largely because of defendant's delay in producing that information.   Here, by contrast, SERCO went ahead with Moreno's deposition believing that Moreno's discovery responses were materially incomplete.   Specifically, on March 17, 2016, defense counsel wrote Moreno a multipage letter detailing a litany of purported discovery deficiencies including with respect to the apparent lack of Moreno's medical records, missing tax records, and questionable damages calculations—the very subjects that SERCO wants to cover in a reopened deposition.   SERCO gave Moreno less than a week to correct those purported deficiencies, but when Moreno did not do so, it apparently did nothing else to resolve the deficiencies before the deposition.   In fact, SERCO waited over two months after Moreno's deposition to raise the discovery issues with the Court.   Given SERCO's voluntary decision to take Moreno's deposition and its inexplicable lack of diligence in resolving its discovery concerns beforehand, the Court concludes that it would not be appropriate to compel Moreno to appear for a second deposition.

Accordingly, for these reasons, the Court **DENIES** Defendant's motion to compel Moreno's attendance at a second deposition.

## II.   Moreno's Compliance with the August 29 Order.

SERCO argues that Moreno has produced only his medical records from 2015 and 2016, but not from 2011 through 2014.  [Doc. 44-1 at 10.]  SERCO requests that Moreno be compelled to produce those documents and to sign a medical release authorizing SERCO to obtain medical records from 2011 to the present.  [Id. at 10-11; Doc. 44-9.]  SERCO also requests that the Court order the production of Moreno's request to his medical providers "to prove that [Moreno] complied with the Court's Order" of August 29.  [Doc. 44-1 at 11.]  SERCO adds that it "reasonably suspects" that Moreno only requested more recent records. [Id. at 11 n.4.]

Moreno responds that he requested his active duty medical records from the U.S. Army and his post-service records from the VA.  [Doc. 47 at 2.]  He states that he received his medical records from the VA in Decatur on September 8 and began preparing them for Defendant.  [Id.]  He was unaware that the records were incomplete.  [Id. at 3.]  Moreno states that he has been contacting each facility where he received treatment to see if they have medical records that the custodian of records did not have.  [Id.]  On September 13, the VA notified Moreno that it had no electronic records in its system.  [Id. at 4.]  The VA

informed Moreno that the U.S. Army did not process his records to the VA, and Moreno says that the Army confirmed receipt of his request on September 13. [Id. at 5, 14.]  It appears that the Army agency (the National Personnel Records Center) responded to Moreno, in a letter also dated September 13, directed him to one of two other agencies from which to obtain the records depending on his discharge date.  [Id. at 16.]  One of those agencies, however, was the VA, and it seems that Moreno had already contacted them.

Based on the Court's review of the record and with the benefit of a hearing on this issue, the Court is satisfied that Moreno is exercising proper diligence to comply with the Court's August 29 Order.  Moreover, Moreno represented to the Court that he will consider signing medical releases prepared by SERCO's counsel, which may expedite the production of medical records.  Accordingly, the Court **DENIES** Defendant's motion to compel as it relates to Moreno's purported non-compliance with the August 29 Order.

## III.   SERCO's Request For Attorney Fees.

In light of the Court's denial of the motion to compel, SERCO's request for attorney fees pursuant to Rule 37(a)(5)(A) are **DENIED**.

## IV.    Conclusion

In light of the above, Defendant's second motion to compel, [Doc. 44], and second motion for an extension of time for discovery, [Doc. 45], are both **DENIED**.

IT IS SO ORDERED this 7th day of October, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge

9